UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DARREN MALBROUGH, ET AL.                          CIVIL ACTION

VERSUS                                            NO. 12-1166

HENSLEY R. LEE CONTRACTING, INC., ET AL.          SECTION "N"  (3)

c/w

BRIAN BALTHAZAR, ET AL.                           CIVIL ACTION

VERSUS                                            NO. 12-1167

HENSLEY R. LEE CONTRACTING, INC., ET AL.          SECTION "N"  (3)

## ORDER AND REASONS

Presently before the Court are motions to remand filed by Plaintiffs in these consolidated actions (Action No. 12-1166, Rec. Doc. No. 5);  (Action No. 12-1167, Rec.  Doc. No. 4).  For the reasons stated herein, **IT IS ORDERED** that the motions are **GRANTED**.  **IT IS FURTHER ORDERED** that these actions be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

## Background

In 2011, the U.S. Army Corps of Engineers ("Corps") contracted with Defendant Southern Services & Equipment, Inc. ("SSE") as the prime contractor on a levee-repair project in New Orleans, Louisiana ("the Project").  SSE subcontracted a portion of the work on the project to Hensley R. Lee Contracting, Inc. ("HRL"),  which, in turn, subcontracted a portion of its work

on the project to Titan Maintenance and Construction, LLC ("Titan") ("the subcontract"). Titan, which is owned by Darren Malbrough, then entered into a joint venture with Robert King and Stanley Cooper to perform the subcontract ("the joint venture").

  The Malbrough Petition alleges, among other things, that Defendants wanted to acquire the subcontract that was the subject of the joint venture, "began a course of harassment and falsified complaints in order to force plaintiffs from the job site," and took actions intended to make Titan's compliance with the subcontract difficult and eliminate Titan as a competitor. *See* Rec. Doc. 24-1, ¶¶ V- XVIII.  According to the Malbrough Plaintiffs (Malbrough, Titan, King, and Cooper), Defendants harassed them about the presence of African-American workers hired by them to work on the project, and made inflammatory and racially discriminatory comments to the workers and the Malbrough Plaintiffs. *Id.* at ¶¶ VII-XVII.  Ultimately, the Malbrough Plaintiffs allege, Defendants' actions forced them and their workers off the project.  *Id.* at ¶ XVIII.

  The Balthazar Petition alleges that the Balthazar Plaintiffs (Balthazar, Long, Burle, Wiliams, Pecoraro, Encalade, J. White, and N. White) were African-American workers hired by the Malbrough Plaintiffs to work on the project ,and that Defendants harassed, defamed, intimidated and discriminated against them based on their race.  *See* Rec. Doc. 24-2, ¶¶ III-XIX.  According to the Balthazar Plaintiffs, Defendants' actions "were directed toward forcing the African-American employees of Titan, King, and Cooper from the job site for defendants' economic benefit and to satisfy their dislike of [the Balthazar Plaintiffs]." *Id.* at ¶ XIV.

  Based on Defendants' alleged conduct, both petitions assert claims of "unfair methods of competition and unfair and deceptive acts and practices," in knowing violation of  the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401, et seq. ("LUTPA"), and of intentional infliction of emotional distress. *See* Rec. Docs. 24-1, 24-2. They additionally allege that

the Malbrough and Balthazar Plaintiffs were third-party beneficiaries of the prime contract (between the Corps and SSE) – including the provisions against discrimination and harassment based on race, and retaliation against individuals complaining about prohibited conduct – and that Defendants' conduct violated these provisions. *See* Rec. Doc. 24-1, ¶¶ XX-XXII; Rec. Doc. 24-2, ¶¶ XVII-XIX. Plaintiffs seek awards of damages and, under La. R.S. 51:1408 - 1409, injunctive relief and reasonable attorneys' fees and costs. *See* Rec. Docs. 24-1, 24-2.

## Law and Analysis

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the federal removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, Defendants relied on 28 U.S.C. § 1441 and §1331 in removing these actions from Louisiana state court to federal court. Congress allows for such removal when a plaintiff's complaint alleges a claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1441; *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). A case "aris(es) under" federal law within the meaning of 28 U.S.C. § 1331 if a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's

right to relief necessarily implicates significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g. Manu.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)(citations omitted); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

For the first category of cases, the artful pleading doctrine, an independent corollary to the well-pleaded complaint rule, prevents a plaintiff from defeating removal by "artfully avoiding any suggestion of a federal issue." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The artful pleading doctrine applies: (1) "where state law is subject to complete preemption" or (2) "when Congress has . . . expressly provided for the removal of particular actions asserting state law claims in state court." *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012)(internal citations omitted), *petitions for cert. filed*, 81 U.S.L.W. 3067 (July 2012); *see also Bernhard Nat. Bank*, 523 F.3d at 551(quoting *Beneficial Nat. Bank*, 539 U.S. at 11)("Federal question jurisdiction therefore exists where, because state law is completely preempted, 'there is, in short, no such thing as a state-law claim.'").

For the second category of federal question cases referenced by *Grable*, a federal court may assert jurisdiction where the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities." 545 U.S at 314. This test is satisfied if: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP,* 538 F. 3d 334, 338 (5th Cir. 2008).

In support of their motions to remand, Plaintiffs contend that they have asserted only state-law claims; therefore, this Court lacks federal question subject matter and removal jurisdiction.  Defendants disagree, pointing to Plaintiffs' assertions that Defendants violated anti-discrimination and anti-harassment provisions included in the prime contract (Rec. Doc. 24-3) ,[1] and that Plaintiffs are third-party beneficiaries of the contract.

Applying the foregoing principles, the Court finds that Defendants have failed to satisfy their burden of establishing federal question jurisdiction over Plaintiffs' claims.  In asserting claims for unfair methods of competition, and unfair and deceptive acts and practices, under LUTPA, as well as the tort of intentional infliction of emotional distress, Plaintiff seek recovery under state law;  federal law does not create the alleged causes of action.  And, given Defendants' failure to demonstrate that such claims are subject to complete federal preemption, or that Congress, by statute, has expressly provided for the removal, removal jurisdiction exists here only if one or more of Plaintiffs' claims necessarily raises a stated federal issue, actually disputed and substantial, that a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities.  Defendants, who bear the burden of demonstrating the propriety of removal, have  not demonstrated this to be true.

Specifically, even if the Court assumes that Defendants' alleged violation of the aforementioned provisions of the prime contract is an actually disputed federal issue, and that determination of the issue is necessary to the resolution of one or more of Plaintiffs' state-law claims,

---

[1]       Executive Order 11246, as amended, also requires that, unless exempted, such provisions be included in any subcontracts entered relative to the prime federal contract.  *See* Rec. Doc.  24-4, at ¶7.

the Court is not satisfied that the federal issue is substantial, and that exercising federal jurisdiction over it will not disturb the balance of federal and state judicial responsibilities.

Importantly, although establishing a private cause of action for violations of Executive Order 11246 seemingly would not be difficult, a private right of action thereunder is not recognized. *See Thomas v. Choctaw Management/Services Enter.*, 313 F.3d 910, 912 n. 8 (5th Cir. 2002); *Pena v. USAA Federal Sav. Bank*, 212 F.3d 594, 2000 WL 423047, *1 (5th Cir. 2000)(unpub.)(citing *Farkas v. Texas Instrument, Inc.*, 375 F.2d 629, 632-33 (5th Cir.)(no private right of action under Executive Order 10925, predecessor to Executive Order 11246), *cert. denied*, 389 U.S. 977 (1967)); *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1083 (5th Cir. 1980)(citing *Farkas*); *Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503, 1515 (11th Cir.1985)("courts have repeatedly held that executive order 11246 does not create a private cause of action")(collecting cases); *Trevino-Garcia v. Univ. of Texas Health Science*, 2009 WL 5195962, *4 (W. D. Tex. 12/21/09)(private party may not sue for violations of Executive Order 11246). Rather, the Department of Labor's Office of Federal Contract Compliance Programs is charged with general enforcement and compliance with Executive Order 11246. *See Trevino-Garcia,* 2009 WL 5195962, at *4; § 201, E.O. 11246, as amended (Rec. Doc. 24-4); 41 C.F.R. § 60–1.2, 60–1.20 - 1.24 (Rec. Doc. 24-5).

Nor, as stated, have Plaintiffs' state law claims been shown to be preempted by federal law. Thus, assuming that the referenced provisions of Executive Order 11246 have been violated, the questions of whether LUTPA and/or the tort of intentional infliction of emotional distress extend to and provide a private remedy for such violations are those posed by state law. Under these circumstances, the Court does not find these actions to present "claims recognized under

state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Singh,* 538 F.3d at 339 (quoting *Grable*, 545 U.S. at 312);  *see also Merrell Dow Pharm., Inc.  v. Thompson,* 478 U.S. 804, 814-15, 106 S.Ct. 3229, 3235-36 (1986)(that violation of federal drug regulatory statute constituted an element of a state tort claim was insufficient, given the absence of private federal remedy, to establish a substantial federal interest));  *Singh*, 538 F.3d at 338-339 (trademark issue significant to and presented within the context of a state malpractice claim was not a "substantial federal issue" for purposes of establishing federal question jurisdiction);  *In re Vioxx Prods. Liab. Litig.,* 843 F. Supp. 2d 654, 669 (E.D. La. 2012)(determination of noncompliance with FDA regulation was "hardly a substantial question of federal law" when it "would be resolved in the context of whether that conduct [violated] *Kentucky* law") (emphasis in original)).

**Conclusion**

For the reasons stated herein, the Court, on the showing made, does not find  federal question jurisdiction to exist relative to the Louisiana state law claims urged in these consolidated matters.  Thus, as stated above, these actions are **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 15th day of January 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**